PeaesoN, C. J.
 

 In October, 1859, the plaintiffs made a contract with the defendants to rent a turpentine distillery for one year, to commence on the 1st day of January, 1860, for which they agreed to pay $500, and to secure the payment thereof, executed a note, under seal, payable nine months thereafter. In December, 1859, a fire occurred, by which the distillery was damaged to some extent. The plaintiffs did not enter and take possession of the distillery, and it was not used during the year 1860. ■ The equity of the bill is put on the ground of a failure of consideration, for that “said distillery with all its furniture and fixtures was burned and destroyed as far as it could be burned, and that what could not be1 burned was rendered worthless and useless for the purposes contemplated in said contract, thus rendering it impossible to fulfill the contract of the defendants without rebuilding the distillery in said place, which was not done, neither was any attempt made to deliver said distillery, and it could not be delivered, and was not.”
 

 The answer denies “ that the distillery was rendered useless and worthless and incapable of delivery, as charged in the bill, by reason of the fire which occurred,” and avers that “very little injury was done to the still, except to the cap of the still; that the fixtures around the still, which were burned, could be replaced without much trouble and expense,” and that the defendant, McKenzie, “authorised an agent soon after the burning aforesaid, to put the distillery and fixtures in as good a condition as they were before the burning, at
 
 *206
 
 bis cost, and he is advised and believes Ms said agent was not allowed to do so by said plaintiffs, and he so avers.”
 

 So, the parties are at issue as to the matters of fact and in this stage of the proceeding, the Court has no means of deciding which gives the true version. It is the plaintiffs’ misfortune to have closed the contract by a note, under seal, and the defendants have the advantage, because they have obtained j udgmenfy and have the law on their side. Like the case of
 
 Mims
 
 v.
 
 McLean,
 
 at this term, (ante 200,) it is a
 
 common injunction,
 
 and as the answer is full and responsive to the bill, and the equity is not confessed, but is denied, the plaintiffs have no proof, and, consequently, have nothing to stand on in this stage of the cause, and the injunction ought to have been dissolved;
 
 Capehart
 
 v.
 
 Mhoon,
 
 Busb. Eq. 37.
 

 There is error in the decretal order. This will be certified.
 

 Pee CubiaM, Decretal order reversed.